# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ADAM FACTOR,                    )
                                )
        Plaintiff,     )
                                )
v.                              )   Case No. CIV-14-329-R
                                )
YRC, INC., et al.,              )
                                )
        Defendants.    )

## ORDER

Plaintiff has filed a Motion to Remand (Doc. No. 75), to which certain Defendants have filed responses. (Doc. Nos. 92, 93, 94, 95). Having considered the submissions, the Court finds as follows.

Plaintiff filed this action in the District Court of Oklahoma County following a multi-vehicle accident on March 31, 2012. Defendant Vasquez filed a Notice of Removal on April 4, 2014, asserting that Defendant Mark McKinley d/b/a/ McKinley Ranches, had been fraudulently joined in the suit solely to defeat diversity jurisdiction. Plaintiff's motion to remand argues that jurisdiction is lacking in this Court as the inclusion of Defendant McKinley was not the result of fraudulent joinder and he may be held liable for the actions of Defendant Alexander under at theory of *respondeat superior*.

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1441(a). *See Huffman v. Saul Holdings Ltd. P'ship.*, 194 F.3d 1072, 1076 (10th Cir. 1999). As noted, Defendant Vasquez sought removal on the basis of the Court's diversity

jurisdiction, which requires an amount in controversy in excess of $75,000, and complete diversity between the parties. 28 U.S.C. § 1332(a); *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). As the party seeking to invoke the Court's jurisdiction, Defendant Vasquez bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Defendant Vasquez acknowledged the lack of diversity from the face of petition but argued in the Notice of Removal that Plaintiff fraudulently joined the non-diverse party to avoid diversity jurisdiction.

> "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998).

*Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Defendants rely on the second option, Plaintiff's alleged inability to establish a cause of action against Marc McKinley, the lone Oklahoma defendant. If the Court concludes Plaintiff cannot prevail on his claim against Mr. McKinley, the result would be dismissal of the claim against Mr. McKinley without prejudice and denial of the motion to remand. *See Brazell v. Waite*, 525 Fed.Appx. 878, 884 910th Cir. 2013)(once the court determines a defendant has been fraudulently joined, it lacks jurisdiction to enter judgment on the merits in his favor).

There is no dispute that Marc McKinley was not himself directly involved in the March 31, 2012 accident at issue herein. Plaintiff's theory of recovery is that Defendant Jack

Alexander was operating as an agent or employee of Marc McKinley that day and therefore Marc McKinley may be liable to Plaintiff under a theory of *respondeat superior*. Defendants argue there is no factual basis for concluding that McKinley was at the time of the accident the employer of Defendant Jack Alexander, a driver involved in the collision.[1] In support of their position Defendants rely in part on an affidavit from Marc McKinley wherein he avers that he is the only son of Weldon McKinley, that both he and his father operated ranches during the relevant time period, although neither has ever used the trade name McKinley Ranches, and that he did not hire Jack Alexander to haul cattle on March 30-31, 2012, but that Mr. Alexander worked for his father, who resided in New Mexico.[2] Mr. McKinley further avers that he hired Jack Alexander personally on a single occasion in April 2012, when he performed day labor on Marc McKinley's ranch in New Mexico.[3] Marc McKinley further asserts that he had no ownership interest in the cattle hauled or the truck used to haul the cattle on that trip.

     Defendants correctly note that Oklahoma law requires a relationship, employer-employee, agent-principal before *respondeat superior* liability can be imposed. Although Defendants present evidence from Marc McKinley disavowing a formal employee-employer relationship with Mr. Alexander on the date of the accident, when considered in conjunction

---

[1] There is no dispute that Mr. Alexander was working on behalf of someone else at the time of the accident.

[2] Weldon McKinley has since died.

[3] Weldon McKinley, Marc's father, owned and operated ranches in New Mexico prior to his death in October 2012. Mr. McKinley operates a ranch in Oklahoma and a cattle company in New Mexico. According to Marc McKinley's affidavit, in the year preceding his father's death, he assisted his father in the operation of Weldon McKinley's New Mexico ranches.

with Mr. Alexander's statements to the investigating officer and to Plaintiff's counsel, the Court is left with the impression that perhaps an agency relationship less formal than that of employer-employee existed between Marc McKinley and Mr. Alexander. Specifically, on the date of the accident he indicated to the trooper that he was employed by McKinley Ranches.[4] Plaintiff also relies on the transcript of a telephone conversation between Alexander and counsel for Plaintiff, wherein Mr. Alexander indicated he was paid by Marc McKinley.[5]

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity*, 211 F.3d 1278, *2-3 (10th Cir. 2000)(unpublished)(quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)(quotation omitted)). Defendants contend the affidavit of McKinley and the denials contained in the unsworn Answer filed on

---

[4] Despite Defendant's protests, this Court routinely permits admission of accident reports.
[5] Norman: We are representing a young man by the name of Adam Factor who was in a car that was involved in that multi-vehicle truck collision that you were involved in back in March of last year.
    Alexander: Yes, Sir.
    Norman: And so that's the reason I'm calling you. I had spoken with Donne McKinley, and she told me that you were not driving for them anymore, she didn't think. Is that right?
    Alexander: Yes, sir. I haven't been driving there for now, what – not, I haven't been driving for them. I'm working on a a ranch out here, sir, managaing (sic) a ranch and I was just – I had worked for them on the ranch down in there and haul cattle for them whenever they had to transfer them, and that's what I was doing then.
    Norman: Yeah. Who were you actually working for? Who was your paycheck coming from?
    Alexander: Marc. Marc McKinley.

4

behalf of Defendant Alexander are sufficient to establish that Plaintiff cannot prevail on his claims against Defendant McKinley, because he cannot establish that Mr. Alexander was an employee of Defendant McKinley at the time of the accident, as required for *respondeat superior* liability.  This Court, however, cannot make credibility assessments, nor is it to engage in full scale consideration of the merits of Plaintiff's claim against Mr. McKinley.  As such, and resolving all issues of fact in favor of the Plaintiff, including all inferences, as the Court must do, the Court finds that Defendant Vasquez has failed to establish that Mr. McKinley was fraudulently joined in this matter, i.e. that Plaintiff cannot possibly prevail on his claim against him.

First, there is no dispute that under Oklahoma law there is the potential for *respondeat superior* liability on the part of a master where there exists a master-servant or employer-employee relationship.  After the accident Mr. Alexander reported that he was working for the McKinley ranches, which is apparently not a registered trade name, but arguably could include Mr. McKinley and his father working cooperatively.  Furthermore, although Defendants contend statements made by Mr. Alexander during the telephone conversation are inadmissible, the Court disagrees.  The law in both Oklahoma and New Mexico requires only that one person to the conversation have knowledge that the conversation is being recorded.  Okla. Stat. tit. 13 § 176.5; N.M. Stat. Ann. § 30-12-1.  Additionally, from the Court's perspective there is nothing disingenuous about counsel's introduction or explanation for the call so as to give rise to ethical concerns.  Furthermore, as quoted above, Mr.

5

Alexander apparently believed as late as August 2013, that on the date of the accident he was working for Mr. McKinley.[6]

Because "the non-liability of the allegedly fraudulently joined party must be established with complete certainty on undisputed evidence," *Neill v. State Farm Fire and Cas. Co.*, 2014 WL 223455 (W.D.Okla. 2014)(citing *Smoot v. Chicago, Rock Island & Pacific R.R. Co.*, 378 F.2d 879, 882 (10th Cir.1967)), the Court finds Defendants have failed to meet their burden, and therefore, the motion to remand is GRANTED. Plaintiff's request for costs and fees is DENIED, as Defendant Vasquez had an objectively reasonable basis for removing the case. *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir.2010)

IT IS SO ORDERED this 30th day of July, 2014.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] It is true that Mr. Alexander was not directly asked about the day in question during the record conversation. However, the sections quoted above indicate that at the inception of the call Mr. Alexander was made aware that the call involved the March 2012 accident, was asked whether he still drove for the McKinleys, and indicated that although he was no longer driving on their behalf that he was hauling cattle for them and that his paycheck was coming from Mark McKinley. There is no affidavit from Mr. Alexander provided by any party to further bolster or explain the statements he made in the conversation.